UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-60170-CR-COOKE

UNITED STATES OF AMERICA,

    Plaintiff
vs.

JOHN WATSON,

    Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant John Watson's *pro se* Motion for Specific Performance of Cooperation Agreement. (ECF No. 127). Upon review of the motion, the Government's response thereto (ECF No. 128) and Defendant's Motion to Postpone Judgment on the Motion for Specific Performance or Denial Without Prejudice (ECF No. 129), it is hereby **ORDERED and ADJUDGED** that the motion is **DENIED**.

On December 18, 2006, pursuant to a written plea agreement, Defendant pled guilty to Count One and Count Six of the Indictment. (*See Plea Agreement* (ECF No. 57)). Count Six of the Indictment charged Defendant with being a felon in possession of a firearm. Due to Defendant's criminal history, Defendant faced a fifteen-year mandatory minimum sentence. *See* 18 U.S.C. 924(e).

The plea agreement at issue did not contain any cooperation language. Rather, the Government prepared a *Kastigar* letter for the Defendant which expressly stated that "no additional promises, agreements, or conditions have been entered into other than those set forth in this letter, and none will be entered into unless in writing and signed by all parties." (*See Government's Resp. to Mot. for Specific Performance* (ECF No. 128 ¶ 3)). Defendant changed

his plea to guilty after he was debriefed and after he received the *Katisgar* letter. Despite his full cooperation, Defendant notes that the Government has not filed a substantial assistance motion under Federal Rule of Criminal Procedure 35(b)[1] to reduce his sentence. According to the Government, however, the Defendant's information has yet to qualify as substantial assistance.

In *Wade v. United States*, 504 U.S. 181, 112 S. Ct. 1840 (1992), the United States Supreme Court held that federal courts have authority to review the government's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. *Wade*, 504 U.S. at 185-86. Thus, a defendant cannot show that he is entitled to discovery, an evidentiary hearing or a remedy by generally claiming that he provided substantial assistance or by making a general allegation of improper motive. *Id.*

Following *Wade*, the Eleventh Circuit has concluded that "'courts are precluded from intruding into prosecutorial discretion,' except where there is 'an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion.'" *United States v. Gilmore*, 149 F. App'x 883, 887 (11th Cir. 2005) (*quoting United States v. Forney*, 9 F.3d 1492, 1501-02 (11th Cir. 1993)). Absent such a showing, the government is not required to explain its reasons for not filing a substantial assistance motion.

Applying this authority here, the Court finds that Defendant has failed to demonstrate or even allege that the Government's refusal to file a Rule 35(b) motion is based on an unconstitutional motive. Defendant's plea agreement only contained the Government's promise to consider filing a Rule 35(b), dependent on the nature and extent of Defendant's cooperation.

---

[1] Rule 35(b) is the procedure by which a district court may, on the government's motion, reduce a defendant's sentence to reflect substantial assistance provided by the defendant to the government after sentencing.

Both the Government and Defendant acknowledge that Defendant's assistance does not qualify as substantial assistance. In his plea agreement, Defendant also acknowledged, "nothing in the Agreement may be construed to require [the Government] to file any such motion …" (*See Plea Agreement* (ECF No. 57¶ 8)). Defendant's allegations are clearly insufficient to warrant the relief requested. The Government has discretion to file a Rule 35(b) motion should Defendant's assistance ultimately qualify as substantial assistance. Accordingly, Defendant's Motions for Specific Performance of Cooperation Agreement (ECF No. 127) and to Postpone Judgment on the Motion for Specific Performance or Denial Without Prejudice (ECF No. 129) are **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida this 15th day of April 2011.

MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Counsel of Record*